IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COTRELL T. KNIGHT,

                Petitioner,

      vs.

BARB LEWIEN,

                Respondent.

**8:19CV224**

**MEMORANDUM AND ORDER**

This matter is before me for initial review of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (filing no. 1) filed on behalf of Petitioner Cotrell T. Knight ("Knight") by his mother, Phyllis Marie Knight-Bey and "Power of Attorney" Heather Shotkoski. There is no power of attorney attached to the Petition.

I will dismiss this matter without prejudice for a variety of reasons. First, absent a sworn declaration from Petitioner and an attachment of an authenticated copy of the power of attorney sufficient as to form, neither Ms. Knight-Bey or Ms. Shotkoski will be recognized as holding a power of attorney for Petitioner. Second, even assuming Knight designated Ms. Knight-Bey and/or Ms. Shotkoski his power of attorney, I find they have not demonstrated that they are entitled to maintain this habeas action on Knight's behalf for the same reasons outlined in Case No. 8:18CV347. In that case, I granted the Respondent's motion to dismiss the habeas petition brought by Ms. Knight-Bey on behalf of Knight for lack of standing. Specifically, I reasoned:

> First, in order to bring a habeas corpus petition on behalf of another person the party purporting to act for a convicted defendant must show (at least) the following two things:

1.     The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability and the real party cannot therefore bring the action himself.

2.     The party purporting to act for the real party is dedicated to the best interests of the real party. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

There has been no showing that any of these factors exist. . . .

Second, a power of attorney may confer decision-making authority under state law, but it does not permit the holder to represent the grantor as a lawyer in federal court. On the contrary, parties may proceed in federal court only pro se, when acting solely for themselves, or through counsel. 28 U.S.C. § 1654. *See also Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir.2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.2001) ("attorney-in-fact" for daughter not permitted to litigate pro se on her behalf); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir.1994) (non-lawyer has no right to represent another entity in federal court); *Osei–Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 882–83 (3rd Cir. 1991) (holding that parent and guardian could not litigate pro se on behalf of his children) (citation omitted).

(Filing no. 11, Case No. 8:18CV347 (footnote omitted).)

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). No matter what standard is applied, Petitioner has failed to make the requisite showing. Accordingly, I will not issue a certificate of appealability in this case.

2

IT IS THEREFORE ORDERED that:

1.    The petition for writ of habeas corpus (filing no. 1) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2.    The court will enter judgment by separate document.

Dated this 17th day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge